WILLIAM WAZENSKI, Appellant, *v.* NEW YORK CENTRAL AND
HUDSON RIVER RAILROAD COMPANY, Respondent.

NEGLIGENCE — SAFETY OF WORKING PLACE — CONTRIBUTORY NEGLI-
GENCE.   In an action by an employee to recover damages for personal
injuries received by falling from a coal trestle while stepping from a car
on to a defective plank covering the trestle, where it appears that the
defect had existed for some time, and the circumstances are such that it
cannot be said as matter of law that the plaintiff saw or could have seen
it, a nonsuit is erroneous.

*Wazenski* v. *N. Y. C. & H. R. R. R. Co.*, 86 App. Div. 629, reversed.

(Argued January 27, 1905; decided February 21, 1905.)

APPEAL from a judgment entered August 24, 1903, upon
an order of the Appellate Division of the Supreme Court in
the fourth judicial department overruling plaintiff's excep-
tions ordered to be heard in the first instance by the Appel-
late Division, denying a motion for a new trial and directing
judgment in favor of defendant.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*David N. Salisbury* for appellant.   Upon the review of a
nonsuit the plaintiff is entitled to the most favorable inferences
deducible from the evidence, and if there is any conflict of
testimony it is to be resolved in his favor.   If the inferences
deducible from the facts are not certain and incontrovertible,
they should be left to the jury.   (*Galvin* v. *Mayor*, 112 N. Y.
223; *Weil* v. *D. D., etc., R. Co.*, 119 N. Y. 147; *Pratt* v. *D.
H. M. F. Ins. Co.*, 130 N. Y. 206; *Tinker* v. *N. Y., O., etc.,
R. R. Co.*, 71 Hun, 431; *Gonzales* v. *N. Y. & H. R. R.
Co.*, 39 How. Pr. 407; *McNally* v. *P. Ins. Co.*, 137 N. Y.
389.)   Defendant's negligence, which caused the accident and
injury complained of, was fully established; at least, it cannot
be held as a matter of law that defendant was not negligent, but
it should have been left to the jury to determine.   (*Pantzar* v.

*T. F. I. M. Co.*, 99 N. Y. 368; *Eastland* v. *Clarke*, 165 N. Y. 420; *Kranz* v. *L. I. R. R. Co.*, 123 N. Y. 1; *Plank* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 607; *Bateman* v. *N. Y. C. & H. R. R. R. Co.*, 178 N. Y. 84; *Ryan* v. *Fowler*, 24 N. Y. 410; *Stapf* v. *L. G. Brewing Co.*, 1 App. Div. 405; *Mayer* v. *Liebman*, 16 App. Div. 54; *Benzing* v. *Steinway*, 101 N. Y. 547.) The plaintiff was not guilty of contributory negligence as a matter of law. Whether he was or was not guilty is a question of fact to be determined by the jury. (*Ireland* v. *O., H. & S. P. R. Co.*, 13 N. Y. 526; *Keller* v. *N. Y. C. & H. R. R. R. Co.*, 24 How. Pr. 172, 177; *Bernhard* v. *R. & S. R. R. Co.*, 1 Abb. Ct. App. Dec. 131; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 9; *Gonzales* v. *N. Y. & H. R. R. Co.*, 39 How. Pr. 407; *Weber* v. *N. Y. C. & H. R. R. R. R. Co.*, 58 N. Y. 451; *Thurber* v. *H. B. & M. F. R. Co.*, 60 N. Y. 326; *Stackhus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; *Kain* v. *Smith*, 89 N. Y. 375; *Kettle* v. *Turl*, 162 N. Y. 255; *Eastland* v. *Clarke*, 165 N. Y. 420.)

*Albert H. Harris* for respondent. The defendant was not negligent. (*Nugent* v. *Railroad Co.*, 64 App. Div. 351; *Sweeney* v. *B. & J. E. Co.*, 101 N. Y. 520; *Bajus* v. *Railroad Co.*, 103 N. Y. 312.) The plaintiff was negligent. (*McCarthy* v. *Emerson*, 77 App. Div. 562.)

O'Brien, J. This is an action to recover for personal injuries which the plaintiff received while in the defendant's employ by falling from a coal trestle. On the trial the plaintiff was nonsuited, and hence upon this review he is entitled to the most favorable view of the evidence that the case will warrant. All disputed questions of fact and all reasonable inferences to be deduced from the testimony must be resolved in his favor.

The plaintiff was a laborer unloading coal upon the trestle. The trestle extended east and west and was two hundred and forty feet long, twenty-five feet high, twenty-six feet wide and had twenty pockets for coal on each side, numbered from

one to twenty, commencing at the west. There were two railroad tracks on top and inclined tracks to the west end, which gave access to cars from the ground. The pockets were opened under the tracks, so that coal could be emptied directly from the cars into them, and they extended out under the walk which ran along on top of the trestle outside of the tracks on the north and south sides. These walks were five feet seven inches in width and were made of boards eight or ten inches in width laid north and south. Along the outer edge of the walk was a railing two feet eight and one-half inches high, made of scantling, the posts being six feet apart. It will be seen that the surface of the trestle was so constructed that the walks or floorings enabled the laborers working on it to walk around to various points as their duties required.

The proof tended to show that the plaintiff was alighting upon the walk from a coal car, where he had been at work. In doing so he backed down from the top of the car. Some distance from the floor a step was attached to it, upon which his feet rested in the descent. He says that after moving one foot from the step he placed it on the solid floor or plank beneath, which was a part of the walk. He says, in substance, that in moving the other foot he found that it rested, not upon the floor, but upon something different and not so firm; and this is supposed to mean that he stepped upon the crack or aperture in the plank. Just how the accident occurred the testimony does not disclose with much clearness; but the jury could have found that when one of his feet was moved from the step to the floor it went into a hole or crack that caused him to lose his balance and fall through the railing some twenty-five feet to the ground.

The plaintiff contends that the negligence of the master consisted in the failure of the latter to furnish him a reasonably safe place to work in. The only defect complained of was a crack or aperture in the walk at the point where he alighted from the car. It is undisputed that at this point one of the boards or planks covering the trestle and constituting a

part of the walk had decayed. This aperture was something over five inches at one end of the plank and about two inches at the other. It had the appearance of decay, and the jury could have found that the board or plank had rotted away, leaving an open space where the plaintiff placed his foot in backing down from the car. This defect in the walk had existed for some time before the accident in question, and how far it contributed to the accident was, I think, a question for the jury. The evidence does not show that the plaintiff's foot went into the hole, but still the vacant space may have caused the plaintiff to lose his balance and fall over the side of the trestle. There is really no other way, that I can perceive, to account for the accident. Of course if the plank had been wholly decayed and removed from the place, it would have been a more serious defect; but still it may have been the duty of the defendant to replace the boards or planks in the walk that had partially decayed in order to render it safe for the workmen to move about at their work.

It is said that the plaintiff knew of the defect and had as full knowledge in that respect as can be imputed to the defendant. The evidence tended to show that before going on to the car he had been using a pick and shovel, and that he placed both these utensils up against the side of the car, and in doing so he was within two or three feet of the aperture in question and, therefore, must have seen, or at least could have seen it in the exercise of ordinary care. But we think it cannot be said, as matter of law, that he did see it, or could have seen it, under all the circumstances disclosed by the evidence. We think that the plaintiff's conduct in that regard presented a question of fact for the jury and that he could not properly have been nonsuited on the ground that he was guilty of contributory negligence. The case is undoubtedly a close one, but it seems to us that the conduct of the plaintiff in alighting from the car and falling from the trestle presented a question as to which reasonable men might differ. It might be said, on the one side, that he did not exercise due care nor use his eyes or powers of observation to avoid the accident,

On the other hand, it may be said that the plaintiff's attention was directed to the work in which he was engaged, and as the space underneath the aperture was dark so that no light came through to the walk above, that it was, therefore, possible that a reasonably prudent man might fail to perceive the defective plank. It does not appear that he had ever worked on that side of the trestle before; in fact he says that this was the first occasion that he had any duties to perform on that part of the trestle, and that he never observed the defect in the walk. So that, on the whole case, we think that the plaintiff's conduct, whether careless or otherwise, presented a question of fact for the jury.

The judgment should be reversed and a new trial granted, costs to abide the event.

Cullen, Ch. J., Bartlett, Haight and Vann, JJ., concur; Gray, J., not sitting; Werner, J., absent.

Judgment reversed, etc.